No. 2651.—MARY B. WADDILL v. PAYNE & HARRISON AND THE SHERIFF.

Where a third party has purchased real estate, which is subject to a special mortgage without the stipulation therein, of the pact de non alienando, the holder of the mortgage can only enforce it against the third purchaser by the hypothecary action; the case would be different in a simulation.

APPEAL from District Court, parish of Madison. Hough, J.

E. D. Farrar, for plaintiff and appellant. William J. Duncan and Breaux & Fenner, for defendants and appellees.

HOWELL, J. Mrs. Mary B. Waddill, as owner by purchase at sheriff's sale, in the suit of B. Graham, tutrix, etc., v. Charles J. Hester, has enjoined the sale of certain lands under an execution, in the case of Payne & Harrison v. Charles J. Hester. Payne & Harrison, besides the general denial, answer that they are the only mortgagees holding a special mortgage on the property seized, of which plaintiff was aware when she obtained the injunction.

All the evidence in the record is embraced in the following statement of facts:

"For Plaintiff.—Ransom Graham sold the land in controversy to Charles J. Hester on the third day of August, 1857, retaining a special mortgage and vendor's lien upon the same. Graham died in 1859. On the twenty-ninth of October, 1861, a judgment was rendered in the Thirteenth District, parish of Madison, in favor of the succession of Graham, upon the notes executed by Hester, rendering the mortgage executory, and especially declaring the vendor's privilege in favor of the succession. This judgment was immediately after its rendition duly recorded. Execution issued upon this judgment April —, 1869. The property mortgaged was seized, and on the —— day of May following was sold by the sheriff, and Mrs. Mary B. Waddill, plaintiff herein, became the purchaser at two-thirds of its appraised value. The original mortgage retained in the act of sale was never reinscribed and perempted on the fourth of August, 1867.

"*For Defendant.*—On the fourteenth of December, 1859, and on the second of January, 1861, Charles J. Hester executed two conventional mortgages in favor of Payne & Harrison, defendants in injunction, upon the land in controversy. On the fifteenth of May, 1866, Payne & Harrison obtained judgment upon the notes secured by the mortgages above recited, in the Fourth District Court of New Orleans, against Hester, recognizing the mortgage, etc. In August, 1869, execution issued upon this judgment, and the property previously purchased by plaintiff was seized by the sheriff and advertised for sale. Mrs. Waddill enjoined. These mortgages in favor of Payne & Harrison were recorded in the recorder's office of Madison parish, March 8, 1860, and January 19, 1861."

On this evidence the injunction was dissolved, and plaintiff appealed.

It is not pretended that the sale to Mrs. Waddill is simulated, nor is it alleged or proved that the acts of mortgage in favor of Payne & Harrison contained the pact *de non alienando*, and hence her title and possession could not be disregarded, and her property seized under an execution against a former owner. See 18 An. 732; 21 An. 271, 647. The sale to her must be set aside before the property sold can be seized and sold as that of another; or if it be subject, in her hands, to a mortgage superior to the one under which she purchased, but which does not contain the non-alienation clause, such mortgage can be enforced against her as third possessor only by the hypothecary action. C. P. 709, 61 et seq.; 3 N. S. 336; 6 L. 283; 6 An. 550.

The conclusion seems manifest that the defendants should, under the pleadings and evidence, be restrained from proceeding with the execution of their writ.

It is therefore ordered that the judgment of the district court be reversed, and that the injunction herein be perpetuated, without prejudice to the rights of both parties in other proceedings. Defendants to pay costs in both courts.

Mr. Chief Justice Ludeling recused.